NOT FOR PUBLICATION (Doc. No. 32)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| JEFFERY A. MITCHELL, | : |
| Plaintiff, | : Civil No. 09-680 (RBK/KMW) |
| v. | : **OPINION** |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

Jeffery A. Mitchell ("Plaintiff") alleges that while incarcerated in federal prison, he suffered medical injury due to the negligence of the United States in failing to provide necessary medical treatment. Plaintiff asserts claims for medical malpractice against the United States ("the Government") pursuant to the Federal Tort Claims Act. The Government argues that Plaintiff's Complaint should be dismissed because Plaintiff did not file an Affidavit of Merit ("AOM") as required by New Jersey's Affidavit of Merit Statute ("AMS"). For the reasons discussed below, the Court grants the Government's motion.

**I.    BACKGROUND**

Plaintiff is an inmate in Federal Correctional Institution ("FCI") Fort Dix, in Burlington County, New Jersey. Compl. ¶ 1. On March 22, 2005, Plaintiff was arrested on federal drug charges in violation of 21 U.S.C. § 841 and was sentenced to 121 months. Id. ¶ 5. Plaintiff states that he has the following medical conditions: "[hypercholesterolemia], diabetes[], hypertension, depress[i]on, [and] resp[i]ratory problems." Id. ¶ 22. Plaintiff was first placed in Martinberg Regional Jail, where he complained about an eye ailment. Id. ¶ 7. Plaintiff was then

1

seen by an ophthalmologist, who diagnosed Plaintiff's condition and prescribed treatment for Plaintiff.[1]  Id. ¶¶ 6-8.  Plaintiff states that he requested to receive his prescribed treatment, but was told that he would be treated once he reached his final designated facility.  Id. ¶ 9.

On September 30, 2005, Plaintiff was transferred to CDC in Youngstown, Ohio.  Id. ¶ 10.  While there, Plaintiff states that he again requested to receive his prescribed treatment, but was again told that he would be treated once he reached his final designated facility.  Id. ¶ 10.

On November 15, 2005, Plaintiff was transferred to FCI Fort Dix.  Id. ¶ 12.  Plaintiff states that he again requested treatment at Fort Dix, but was given the "runaround."  Id.  Plaintiff states that "[b]y the time [he] was seen by an Ophthalmologist it was too late and [Plaintiff] was informed that [he] had lost [98%] of [the] sight in [his] left eye."  Id.  Plaintiff alleges that due to a delay in treatment of over four months, he developed glaucoma with a 98% vision loss.  Id. ¶ 17.

## LEGAL STANDARD

### A. Proper Characterization of Defendant's Motion

Defendant purports to move for summary judgment pursuant to Fed. R. Civ. P. 56. However, Defendant's motion is premised upon Plaintiff's failure to submit an affidavit of merit. New Jersey courts have held that a "failure to provide an affidavit of merit is tantamount to a failure to state a cause of action."  Burt v. West Jersey Health Sys., 771 A.2d 683, 687 (N.J. Super. Ct. App. Div. 2001) (citing N.J. Stat. § Ann. 2A:53A-29).  Therefore, Defendant's motion is properly analyzed under Fed. R. Civ. P. 12(b)(6).

### B. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all

---

[1] Plaintiff does not describe the treatment that was prescribed by his ophthalmologist.

factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In addition to the allegations in the complaint, a court may consider matters of public record, documents specifically referenced in or attached to the complaint, and documents integral to the allegations raised in the complaint.  Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004).

In determining whether a complaint states a plausible claim for relief, a court must conduct a two-part analysis.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11.  First, the court must separate factual allegations from legal conclusions.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950.  Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  See id.

## II.  DISCUSSION

Plaintiff asserts a common-law tort claim against the United States for negligence. Generally, the United States is immune from suit unless it consents to be sued.  See United States v. Sherwood, 312 U.S. 584, 586 (1941).  The FTCA is a limited waiver of sovereign immunity

3

and provides the exclusive remedy for alleged tortious acts or omissions of federal employees. See 28 U.S.C. § 2679(a). "Because the [FTCA] constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989).

The New Jersey AMS is "a tort reform measure" that is "designed to weed out frivolous lawsuits at an early stage and to allow meritorious cases to go forward." Galik v. Clara Maass Med. Ctr., 771 A.2d 1141, 1147 (N.J. 2001). The AMS "requires a plaintiff in a malpractice case to make a threshold showing that the claims asserted are meritorious" by filing an AOM from an expert stating that the claim is not frivolous.[2] Id. "[T]he AMS applies to the filing of a third-party complaint when the cause of action pled requires proof of malpractice or professional negligence. And, the obligation rests upon the third-party plaintiff to meet the requirements of the statute by filing a timely affidavit of merit." Nagim v. New Jersey Transit, 848 A.2d 61, 68 (N.J. Super. Ct. Law Div. 2003). Where the third-party complaint derives from a malpractice claim asserted by the plaintiff, and "seeks only to direct the claims made by the plaintiff from the only named defendant to the party at fault rather than . . . to raise a new affirmative claim," the third-party plaintiff need not file an AOM. Diocese of Metuchen v. Prisco & Edwards, AIA, 864 A.2d 1168, 1172 (N.J. Super. Ct. App. Div. 2005). In such an instance, the plaintiff is

---

[2] The statute provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J. Stat. Ann. § 2A:53A-27.

4

required to file an AOM, thereby fulfilling the purpose of the AMS.  Id.  However, where the plaintiff does not assert a malpractice claim, the third-party plaintiff asserting malpractice must comply with the AMS.  Nagim, 848 A.2d at 68.

However, in Hubbard v. Reed, 774 A.2d 495 (N.J. 2001), the New Jersey Supreme Court held that when a defendant's negligence is so apparent that expert testimony is unnecessary at trial, the purpose of the affidavit of merit statute – to reduce frivolous lawsuits – would not be furthered by requiring an affidavit of merit.  Id. at 499-500.  The so-called "common knowledge" exception "applies 'where jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts.'"  Id. at 499 (quoting Estate of Chin v. Saint Barnabas Med. Ctr., 734 A.2d 778, 785 (N.J. 1999)) (holding that common knowledge exception applied where a dentist extracted the wrong tooth).

A. **Common Knowledge Exception**

An AOM is not required when the case turns on common knowledge, and the allegations sound in ordinary negligence.  New Hampshire Ins. Co. v. Diller, 678 F. Supp. 2d 288, 309 (D.N.J. 2009).  "The factual predicate for a common knowledge case is one where the carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience."  Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 579 (3d Cir. 2003) (quoting Estate of Chin v. Saint Barnabas Med. Ctr., 734 A.2d 778, 785-6 (N.J. 1999)).  The exception applies where there has been an obvious error.  See Hubbard v. Reed, 774 A.2d 495, 501 (N.J. 2001) (where dentist extracted wrong tooth); Estate of Chin, 734 A.2d at 787 (where doctor hooked up equipment that pumped gas rather than fluid that should have been used into patient's uterus); Bender v. Walgreen Eastern Co., Inc., 945 A.2d 120 (N.J. Super. Ct. App. Div. 2008)

5

(where pharmacist filled prescription with wrong drug); Becker v. Eisenstodt, 158 A.2d 706, 711 (N.J. Super. Ct. App. Div. 1960) (where doctor used caustic solution rather than painkiller to treat a young girl's nose after plastic surgery). However, "the common-knowledge exception should be narrowly construed 'to avoid non-compliance with the [AMS].'" Risko v. Ciocca, 812 A.2d 1138, 1141 (N.J. Super. Ct. App. Div. 2003) (quoting Hubbard, 774 A.2d at 501). As a result, the plaintiff must "demonstrate that an expert would be no more qualified than a non-expert in regards to attesting to the merit of the claim(s)." Carbonaro v. Lutz, No. 08-4928, 2010 U.S. Dist. LEXIS 80236, at *13 (D.N.J. Aug. 3, 2010) (citing Hubbard, 774 A.2d at 500).

      Here, Plaintiff has not demonstrated that his claim turns on common knowledge. Plaintiff alleges only that "immediate medical care [was] needed" for his eye condition, and that Defendant failed to provide the necessary treatment in a timely fashion, resulting in Plaintiff's injury. Compl. ¶ 15. However, Plaintiff has not described specifically what treatment was prescribed by his ophthalmologist. Furthermore, Plaintiff has not described the specific nature of his "eye condition," beyond stating that Plaintiff has "[hypercholesterolemia], diabetes[], hypertension, depress[i]on, [and] resp[i]ratory problems."[3] Id. ¶ 22. The Court finds that the question of whether the provision of a certain ophthalmological treatment or treatments for Plaintiff's unspecified eye condition, four months after it was prescribed, was the likely proximate cause of the glaucoma and 98% blindness in Plaintiff's left eye, is not within the common knowledge of a layperson. Here, Defendant had indeed provided medical treatment to Plaintiff. Plaintiff's allegation that the medical treatment was allegedly provided too late or was otherwise insufficient is an assertion of technical medical expertise that requires expert testimony to prove. A delay in providing prescribed medical treatment does not automatically equate to a finding of negligence. See McLoyd v. U.S., 2006 WL 2135837, *6 (D.N.J. July 27, 2006) ("the

---

[3] Plaintiff has not at this time produced any of his medical records.

negative effects of a delay in treating a dislocated lunate is not generally determinable in the absence of an expert"). The timeframe within which glaucoma should be treated is not within the common knowledge of a layperson.

In order to satisfy the common-knowledge exception, Plaintiff must demonstrate that Defendant's negligence is readily apparent to anyone of average intelligence and ordinary experience. See Natale, 318 F.3d at 579. Even taking the allegations in the light most favorable to Plaintiff, Plaintiff has not pled facts sufficient for an ordinary person to determine that Defendant was negligent. It is not possible for a physician, let alone a layperson, to meaningfully evaluate Plaintiff's complex negligence claim here without knowing specific details as to the type of treatment prescribed by Plaintiff's ophthalmologists, as well as Plaintiff's medical condition and medical history. Therefore, because Plaintiff has not provided an affidavit of merit to support Plaintiff's claim for medical malpractice, Plaintiff's claim must be dismissed.

### III.    CONCLUSION

For the reasons discussed above, the Court dismisses Plaintiff's claim against Defendant. An appropriate Order shall enter.


Dated: 11/21/11                                                         /s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge