NOT FOR PUBLICATION (Doc. No. 46)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JEFFREY A. MITCHELL, | |
| Plaintiff, | Civil No. 09-680 (RBK/KMW) |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**KUGLER**, United States District Judge:

Jeffrey A. Mitchell ("Plaintiff") moves for reconsideration of the Order of this Court dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Plaintiff originally brought a claim for medical malpractice against the United States ("the Government") pursuant to the Federal Tort Claims Act. The Government subsequently moved to dismiss Plaintiff's Complaint because Plaintiff did not file an Affidavit of Merit ("AOM") as required by New Jersey's Affidavit of Merit Statute ("AMS"). In an Opinion dated November 21, 2011, the Court granted the Government's motion and dismissed Plaintiff's Complaint for failure to state a claim upon which relief can be granted. For the reasons discussed below, the Court denies the instant motion for reconsideration but grants Plaintiff leave to amend the Complaint.

**I.    BACKGROUND[1]**

---
[1] The factual background in this case has been set out in detail in the Court's prior opinion (Doc. No. 44). Therefore, only the facts relevant to the resolution of the instant motion will be set forth here.

1

Plaintiff is an inmate in Federal Correctional Institution ("FCI") Fort Dix, in Burlington County, New Jersey, serving a sentence for a federal drug charge. In the process of being transferred to Fort Dix, Plaintiff spent several months in other federal detention facilities. Plaintiff alleges that he needed medical treatment for his diabetes and a related eye condition. Plaintiff alleges that the Government has failed to properly provide necessary medical treatment to Plaintiff, resulting in the development and/or worsening of an eye condition that could otherwise have been prevented or delayed.

## II. LEGAL STANDARD

### A. Rule 59(e)

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). See id. In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. See Byrne v. Calastro, No. 05-68, 2006 U.S. Dist. LEXIS 64054, at *7 (D.N.J. Aug. 28, 2006).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion. See L. Civ. R. 7.1(i). "The standard for [reconsideration] is high, and reconsideration is to be granted only sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's

Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "The word 'overlooked' is the operative term in the Rule." Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation omitted); Compaction Sys. Corp., 88 F. Supp. 2d at 345. The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter. See Compaction Sys. Corp., 88 F. Supp. 2d at 345; see also L. Civ. R. 7.1(i).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law that the parties presented to, but were not considered by, the court in the course of making the decision at issue. See Student Pub. Interest Grp. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F. Supp. 2d at 613; Resorts Int'l. v. Great Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence that was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that the evidence was unavailable or unknown at the time of the original decision. See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 U.S. Dist. LEXIS 18373, at *2 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments that the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. See Bowers, 130 F. Supp. 2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian

3

Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

**B. Rule 60(b)**

Rule 60(b) provides, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Tischio, 16 F. Supp. 2d at 533 (internal citations omitted). Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Id. Rather, relief under Rule 60(b) is available only when the "'overriding interest in the finality and repose of judgments may properly be overcome . . . .'" Id. Rule 60(b) relief is

4

available only in cases evidencing extraordinary circumstances.  See Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle.  "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.'  It follows therefore that [the Court should deny a motion] under Rule 60(b)[] if the aggrieved party could have reasonably sought the same relief by means of appeal."  Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

### III.  DISCUSSION

#### A. Plaintiff's Motion for Reconsideration

Plaintiff asserts that the Court erred by failing to consider controlling decisions of law that necessitated the denial of the Government's motion to dismiss.  Pl. br. at 3.  Plaintiff argues that the Court should have allowed the Complaint to proceed because Plaintiff's claims fell within the common knowledge exception to New Jersey's affidavit of merit requirement.  Id. at 4-5.  Plaintiff also asserts that the Court overlooked controlling law concerning the significance of the Government's failure to timely provide prescribed treatment.  Id. at 5-6.

Plaintiff discusses three cases in his brief that that are allegedly dispositive.  Id. at 4-6 (citing Bryan v. Shah, 351 F.Supp.2d 295, 302 (D.N.J. 2005), Jackson v. Fauver, 334 F.Supp.2d 697 (D.N.J. 2004), and Grimes v. Correctional Med. Servs., 2010 U.S. Dist. LEXIS 105369 (D.N.J. Feb. 8, 2010)).  Plaintiff argues that had the Court properly applied the holdings of these decisions, the Court would not have dismissed Plaintiff's Complaint.

As an initial matter, the Court notes that all three cases cited by Plaintiff in support of his position are District Court opinions, and as such are not controlling upon this Court.

5

Furthermore, the Court finds that Plaintiff's assertions amount to mere disagreement with this Court's decision. In rendering the November 21, 2011 decision, the Court considered <u>Bryan</u>, <u>Jackson</u>, and <u>Grimes</u>, which were discussed in Plaintiff's opposition brief to the Government's motion to dismiss, but found that those cases were distinguishable from Plaintiff's claims here. The Court found that based on other precedent, Plaintiff's claims did not satisfy the common knowledge exception to the affidavit of merit requirement. <u>See</u> Opinion of Nov. 21, 2011, Doc. No. 44, at 4-7.

Plaintiff next argues that the November 21, 2011 Opinion overlooked the application of the law of states other than New Jersey. However, Plaintiff's Complaint specifically claimed, and thereby specifically placed the Government on notice, that only that the law of New Jersey applies to Plaintiff's tort claim. <u>See</u> Pl. br. at 7; Compl. ¶ 28. In Plaintiff's opposition brief to the Government's motion to dismiss, Plaintiff for the first time raised choice of law arguments in direct contradiction to Plaintiff's pleadings. Because the Court will allow Plaintiff leave to amend the Complaint, however, Plaintiff may correct the defect in the pleadings with respect to choice of law, among other matters.

Plaintiff finally argues that the Court overlooked dispositive facts in the November 21, 2011 Opinion. The Court finds that each of the facts argued by Plaintiff were alleged in Plaintiff's Complaint and in Plaintiff's opposition brief, and were considered by the Court in the November 21, 2011 Opinion.

The Court notes that Plaintiff's motion for reconsideration is premised on "the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Thornton v. Nash</u>, 2007 U.S. Dist. LEXIS 86463, *3 (D.N.J. Nov. 21, 2007). The Court finds that Plaintiff has failed to bear its burden of demonstrating that the Court has failed to consider the allegedly dispositive factual

6

matters and decisions of law cited by Plaintiff.  Therefore, Plaintiff's motion for reconsideration must be denied.

### B.  Plaintiff's Request for Leave to Amend

Plaintiff argues in the alternative that Plaintiff should be granted leave to amend the Complaint.  Pl. br. at 10.  Where a complaint is dismissed for failure to state a claim, leave to amend should normally be granted.  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  However, the rule is not absolute: leave to amend is inappropriate where it would cause undue delay, the amendment is motivated by bad faith or a dilatory motive, the amendment would cause prejudice, or the amendment is futile.  In re Burlington Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

The Court notes that the November 21, 2011 Order does not specify whether the Government's motion to dismiss was granted with prejudice or without prejudice.  However, "[w]hen an individual has filed a complaint under § 1983 which is dismissable [sic] for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint and that denial of an application for leave to amend under these circumstances is an abuse of discretion."  Shane, 213 F.3d at 115-116 (quoting Darr v. Wolfe, 767 F.2d 79 (3d Cir.1985)).  The Court is aware that Plaintiff was not represented by counsel at the time Plaintiff filed his Complaint.  Principles of equity dictate that Plaintiff be allowed a chance to correct the factual and legal deficiencies in his Complaint and proceed to the merits of his claims.  Accordingly, the Court finds that the November 21, 2011 Order must be construed as a motion to dismiss without prejudice.  Therefore, Plaintiff will be granted leave to amend the Complaint.

## IV.     CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's motion for reconsideration, and grants Plaintiff's request for leave to amend the Complaint. Plaintiff is granted leave to amend the Complaint on or before March 30, 2012. An appropriate Order shall enter.


Dated: 2/23/12                                                                  /s/ Robert B. Kugler
                                                                                               ROBERT B. KUGLER
                                                                                               United States District Judge