NOT FOR PUBLICATION                                                                    (Doc. Nos. 68, 69)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                            :
JEFFREY A. MITCHELL                       :
                                                            :
                    Plaintiff,                  :         Civil No. 09-680 (RBK/KMW)
                                                            :
            v.                                      :         **OPINION**
                                                            :
UNITED STATES OF AMERICA       :
                    Defendant.              :
_____ :

**KUGLER**, United States District Judge:

   This matter comes before the Court on the motion by the United States of America ("United States" or "Defendant") to dismiss portions of the Amended Complaint of Jeffrey A. Mitchell ("Plaintiff"). Defendant moves to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant contends that Plaintiff failed to exhaust his administrative remedies against the United States Marshals Service ("USMS") and has consequently not satisfied the jurisdictional requirements of the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671, et. seq. ("FTCA"). Plaintiff counters that the claim was constructively filed with USMS when the Bureau of Prisons ("BOP") failed to provide notice of the claim under 28 C.F.R. §14.2(b). Defendant also moves to seal Plaintiff's medical records submitted as an exhibit to the motion to dismiss. For the reasons expressed below, Defendant's partial motion to dismiss and motion to seal are GRANTED.


## I. BACKGROUND[1]

Plaintiff is an inmate in Federal Correctional Institution ("FCI") Fort Dix, in Burlington County, New Jersey serving a sentence for a federal drug charge. On July 27, 2007, Plaintiff filed a pro se claim with the BOP for "Damage, Injury or Death." Def.'s Ex. A. After the BOP initially rejected Plaintiff's claim for insufficient information to enable an investigation, Plaintiff submitted a letter detailing "a chronology of [his] movement within the FBOP . . . and a narrative of the events demonstrating negligence by the Bureau of Prisons that led to [his] loss of sight." Def.'s Ex. C. In the letter, Plaintiff explained that he began losing his vision 'while in the custody of the US Marshall [sic.] at Martinberg Regional Jail (West Virginia), and immediately sought medical attention." Id. Plaintiff alleges that the facility denied him treatment due to the expense and that when he attempted to notify the Marshals, "the facility refused that as well." Id. Plaintiff's letter alleged that the medical staff at Youngstown, OH similarly denied treatment and told him that he would have to wait until he arrived at FCI Fort Dix. Id.

On September 4, 2008, the BOP denied Plaintiff's claim in a letter. Def.'s Ex. C. According to the BOP, investigation revealed that since the time Plaintiff was first evaluated at FCI Fort Dix, he had received "numerous doctor's appointments, outside specialist visits, diagnostic tests, surgical procedures and medications and treatments" for his eye condition. Def.'s Ex. D. The letter further stated that "there [was] no evidence to suggest [Plaintiff] experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons' Employee." Id.

On February 13, 2009, Plaintiff filed this action against the United States of America.

---

[1] The factual background of this case has been set out in further detail in the Court's November 21, 2011 Opinion (Doc. No. 32). Therefore, the Court will only set forth the facts relevant to the resolution of the instant motion.

## II. LEGAL STANDARD

A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. (citing PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993)). "In reviewing a factual attack, the court may consider evidence outside the pleadings." Id. (citing Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir. 1997)); see United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

Although courts generally treat a pre-answer motion under Rule 12(b)(1) as a facial challenge, see Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983), a "factual challenge under Rule 12(b)(1) may be made prior to service of an answer" if the defendant contests the plaintiff's allegations. Knauss v. United States DOJ, No. 10-26-36, 2010 U.S. Dist. LEXIS 108603, at *6 (E.D. Pa. Oct. 7, 2010) (citing Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990)). When a defendant raises a factual challenge to jurisdiction, the plaintiff bears the burden of establishing jurisdiction. Gould Elecs. Inc., 220 F.3d at 176-77.

**III. DISCUSSION**

Defendant moves to dismiss all claims based on the alleged negligence of USMS for lack of subject matter jurisdiction and moves to seal Plaintiff's medical records attached as an exhibit to Defendant's motion to dismiss. The Court will address each motion separately.

*1. Motion to Dismiss*

Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." CNA v. United States, 535 F.3d 132, 140-41 (3d Cir. 2008) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). The Federal Tort Claims Act, however, provides "a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976). The FTCA allows a suit to be brought against the Government for, *inter alia,* "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b).

To bring suit under the FTCA, a plaintiff must first have "presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). Within the Third Circuit, courts have construed this administrative exhaustion provision as a jurisdictional requirement that may not be waived. E.g., Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir.1971) (citation omitted); Kozel v. Dunne, 678 F.Supp. 450, 453 (D.N.J. 1988). "The statutory language is clear that a court does not have jurisdiction before

administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." Wilder v. Luzinski, 123 F.Supp.2d 312, 313 (E.D.Pa. 2000) (citing McNeil v. United States, 508 U.S. 106 (1993); Wujick v. Dale & Dale, 43 F.3d 790, 793-94 (3d Cir. 1994)).

Plaintiff concedes that he did not exhaust the available administrative remedies against USMS, but maintains that the claim was constructively filed with both agencies when the BOP failed to forward the claim to USMS. Plaintiff grounds this argument in 28 C.F.R. §14.2(b), which states in relevant part: "A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer." 28 C.F.R. §14.2(b)(1). Based on this language, Plaintiff argues that the "United States failed to comply with the tort claims transfer regulations" and "was obligated to transfer or give notice of this matter directly to the Marshals Service." Pl. Opp'n at 11.

The Court must agree with the United States that Plaintiff's entire argument is premised upon the erroneous conclusion that Plaintiff's claim provided notice that the claim was also based on the conduct of the USMS. Plaintiff mentioned the USMS twice in his letter. The first time, Plaintiff appeared to refer to that agency merely to provide background information for his claim against the BOP. In the subsequent reference to USMS, Plaintiff actually states that the BOP staff refused to allow him to notify USMS that he was denied treatment. Plaintiff's letter only detailed the allegedly negligent conduct of BOP employees and provided no notice that Plaintiff was also asserting claims based on the conduct of USMS or any of its employees. As

such, Plaintiff has failed to exhaust his administrative remedies and this Court lacks subject matter jurisdiction to hear any portions of Plaintiff's claim based on the conduct of the USMS.

Plaintiff argues alternatively that the Court should grant leave for Plaintiff to file an administrative claim under the equitable tolling doctrine. Equitable tolling can "rescue a claim otherwise barred by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently equitable circumstances." Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009). A court may deem equitable tolling to occur 1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; 2) where the plaintiff has in some extraordinary way been prevented from asserting his or her rights; or 3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Id. When the claim involves the United States' waiver of sovereign immunity, courts should be particularly careful to construe the statute's jurisdictional requirements narrowly and "not take it upon [themselves] to extend the waiver beyond that which Congress intended." See Id. at 198 (citing U. S. v. Kubrick, 444 U.S. 111, 117 (1979).

Plaintiff is not entitled to equitable tolling under these circumstances. Although Plaintiff arguably asserted his rights in the wrong forum by only filing the administrative claim against the BOP, the principles of equitable tolling do not extend to "garden-variety claims of excusable neglect." See Santos, 559 F.3d at 197. Despite the harsh result for Plaintiff, the Court is bound by the procedural requirements specified by the legislature.

2. *Motion to Seal*

Defendant also filed an unopposed motion to seal Plaintiff's medical records that were submitted as an exhibit to Defendant's motion to dismiss. The Court will also grant this motion.

There is a strong presumption in favor of public access to judicial proceedings and records. In re Cendant, Corp., 260 F.3d 183, 192 (3d Cir.2001). "To overcome this presumption, the movant must establish 'good cause' for the protection of the material at issue." Opperman v. Allstate N.J. Ins. Co., No. 07–1887, 2009 U.S. Dist. LEXIS 111733, at *31–32, 2009 WL 3818063 (D.N.J. Nov. 13, 2009). "To establish good cause, the movant must show that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id. at *31 (quoting Schatz–Bernstein v. Keystone Food Prods., Inc., No. 08–3079, 2009 U.S. Dist. LEXIS 34700, at *1, 2009 WL 1044946 (D.N.J. Apr. 17, 2009). "The particularity of the showing required is set forth in Local Rule 5.3(c), which demands that a motion to seal describe: '(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not available.'" Id. (quoting L. Civ. R. 5.3(c)(2)). Additionally, if a document contains both confidential and non-confidential information, the movant must submit a copy of the document with proposed redactions of confidential information as well as an unredacted version of the document. See L. Civ. R. 5.3(c)(3).

"There is no question that medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection." United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (3d Cir.1980); see Doe v. Delie, 257 F.3d 309 (3d Cir.2001) (right to privacy in one's medical records is clearly recognized). Thus, where the party complies with Loc. Civ. R. 5.3's requirements for placing documents under seal, the Court has sealed a party's medical records. See Locascio v. Balicki, No. 07–4834, 2011 U.S. Dist. LEXIS 66679, at *17–18, 2011 WL 2490832 (D.N.J. June 22, 2011) (placing medical

records under seal); Harris v. Nielsen, No. 09–2982, 2010 U.S. Dist. LEXIS 58993, at *9–13, 2010 WL 2521434 (D.N.J. June 15, 2010) (same).

Here, Defendant moves to seal medical records that were submitted as an exhibit to the motion to dismiss. In compliance with L. Civ. R. 5.3, Defendant publicly filed a version of the motion that excluded Plaintiff's medical records and separately submitted the medical records to the Court. Because Defendant has complied with L. Civ. R. 5.3, and because "the disclosure of Plaintiff's medical history ... [is] a clearly defined serious injury sufficient to support the sealing of the documents," Harris, 2010 U.S. Dist. LEXIS 58993, at *13, 2010 WL 2521434, the Court grants Defendant's motion to seal.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's partial motion to dismiss and motion to seal are **GRANTED**. An appropriate order shall issue today.

Dated: 3/18/2013 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge